IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNIFER RAY MUMPHREY, (HCJ #02568229) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-11-3988 |
| HOUSTON POLICE DEPARTMENT, Defendant. | § § § § § | |

## MEMORANDUM AND OPINION

Johnifer Ray Mumphrey, an inmate of the Harris County Jail, sued in November 2011, alleging civil rights violations resulting from a denial of due process. Mumphrey, proceeding *pro se* and *in forma pauperis,* sues the Houston Police Department. Based on a careful review of the pleadings and record, this court find that Mumphrey's claims are barred. This case is dismissed by separate order. The reasons are explained below.

Mumphrey alleges that on June 15, 2011, he was escorted from the Reid Correctional Center to the HPD. Mumphrey alleges that his parole officer instructed him to register as a sex offender in accordance with a mandate from the Texas Board of Pardons and Paroles.

According to Mumphrey, after Officer Johnson photographed and fingerprinted him, Mumphrey showed Officer Johnson a copy of a TDCJ handbook. This handbook stated: "if you were not on probation, or on parole, or still doing time for a sex crime as of September 1, 1997 in TDCJ you or [sic] not required to register as a sex offender." (Docket Entry No. 1, Complaint, p. 4). Mumphrey alleges that Officer Johnson disregarded the language in the handbook and continued to

register him as a sex offender. Mumphrey asserts that the HPD Sex Offender Registration Department forced him to register as a sex offender even though he was not required to do so by law. He asserts that his right to due process under the Fifth and Fourteen Amendments was violated. Mumphrey seeks compensatory damages of $100,000.00.

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. The court is to dismiss the complaint, or any portion, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Mumphrey raised virtually identical claims against Rissie Owens, Chairman of the Texas Board of Pardons and Paroles, in Civil Action No. 1:11-0743, in the United States District Court for the Western District of Texas, Austin Division. He filed that lawsuit on August 18, 2011, alleging that sex-offender conditions (Condition X) were imposed without due process upon his release to mandatory supervision for burglary of a motor vehicle. On January 10, 2012, United States Magistrate Judge Austin entered a Report and Recommendation granting the defendant's motion for summary judgment. The Report and Recommendation stated: "As a convicted sex offender, Plaintiff

has received all the process he is due. As such, the sex-offender label is not false, and Plaintiff had a full and fair opportunity to contest his conviction." *Mumphrey v. Owens*, Civil Action Number 1:11-0743 (Docket Entry No. 22, p. 4) (W.D. Tex. 2012).

In the prior federal lawsuit, Mumphrey also contended that he should not be required to register as a sex offender because he had discharged his sentence for sexual assault on August 25, 1994. Reviewing this claim under 28 U.S.C. § 1915(e), Magistrate Judge Austin stated:

> Plaintiff committed the offense of sexual assault and repetition of a felony on May 6, 1989. Sexual assault is a reportable offense under article 62.001(5)(A) of the Texas Criminal Procedure Code. Therefore, the sex offender registration law applies to him, and he is required to register for life. *See* TEX. CRIM. PROC. CODE ANN. art. 62.101(a). Accordingly, Plaintiff has failed to state a valid claim for relief."

(*Id.* at 5).

If a court is on notice that the claims or issues have already been decided in a prior action, the court may dismiss the second action on its own if the elements for preclusion are met.

Preclusion encompasses claim preclusion and issue preclusion. *Test Masters Educ. Servs. Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). Claim preclusion bars relitigation of causes of action that either have been litigated or should have been litigated in an earlier suit. Claim preclusion has four elements: (1) the parties are identical or in privity; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) Though Mumphrey's current lawsuit and his prior federal lawsuit are both based on events that took place in June 2011, the parties are not identical or in privity. Claim preclusion does not apply.

3

The elements for issue preclusion are: (1) the issue at stake is identical to the one involved in the earlier action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in that action. *Petro–Hunt, L.L.C. v. United States,* 365 F.3d 385, 397 (5th Cir. 2004) (footnotes and citation omitted). Issue preclusion may apply even if the claims and the subject matter of the suits differ. *Next Level Commc'ns LP v. DSC Commc'ns Corp.,* 179 F.3d 244, 250 (5th Cir. 1999) (citation omitted). In addition, "'[u]nlike claim preclusion, the doctrine of issue preclusion may not always require complete identity of the parties.'" *Id.* (alteration in original) (quoting *Meza v. Gen. Battery Corp.,* 908 F.2d 1262, 1273 (5th Cir. 1990)). The preclusive effect of a prior proceeding is a question of law. *Stripling v. Jordan Prod. Co., LLC,* 234 F.3d 863, 868 (5th Cir. 2000).

Issue preclusion bar's Mumphrey's due process claims. Though Mumphrey sues different defendants, the issues and the factual basis of these claims was fully and fairly litigated in the prior lawsuit. The determination that Mumphrey is required to register as a sex offender due to his prior conviction for sexual assault was a necessary part of the judgment in the prior action. Mumphrey's civil rights claims stemming from the sex-offender registration requirements are barred by issue preclusion.

Additionally, this in forma pauperis complaint may be dismissed as frivolous because it seeks to re-litigate claims that already unsuccessfully litigated by the plaintiff. *Wilson v. Lynaugh,* 878 F.2d 846, 849 (5th Cir.), *cert. denied,* 493 U.S. 969 (1989). A district court may dismiss as malicious an in forma pauperis complaint that duplicates the allegations of another pending or previously dismissed federal lawsuit filed by the same plaintiff. *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993). Mumphrey filed the instant case three months after filing Civil Action Number

1:11-0743 in the Western District of Texas. The claims in the above-styled action will be dismissed as malicious because they are duplicative of claims currently pending before the court.

Mumphrey's motion for leave to proceed *in forma pauperis,* (Docket Entry No. 2), is granted. The action is dismissed as barred because of preclusion and because the claims are duplicative of those currently pending in the Western District of Texas. His claims are dismissed with prejudice under 28 U.S.C. § 1915A(b)(1).

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) Sergeant M.E. McKinney, Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on January 25, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge